YARRUT, Judge.
Plaintiff appeals from a judgment of the district court allowing it the balance of $3,243.68 due on two promissory notes for $2,800.00 and $800.00, respectively, with legal interest and costs, but disallowing the 25% attorney’s fees provided in the notes in case it became necessary to employ an attorney to enforce collection.
Defendant admitted signing the notes with full knowledge of their terms, admitted owing the amount sued for, but denied liability for attorney’s fees because Plaintiff emphatically advised him not to worry about interest and attorney’s fees as that was only a memorandum between them, not intended to be enforceable. The notes do not provide for interest, only for attorney’s fees.
The district court, in denying the attor■ney’s fees, gave reasons, to-wit:
“On the trial of this case on its merits, the court was convinced that the two notes were given by defendant to plaintiff in order to permit plaintiff to use said notes as collateral, and at no time did defendant agree to pay attorneys’ fees in case this open account would be placed in the hands of an attorney for collection.
. .“The court was impressed by the testimony of the defendant and was convinced that these notes were only given for the purpose as stated above, in order to assist plaintiff in financing their obligations.”
The notes in question were given by Defendant (a plumber) in settlement of his past due indebtedness to Plaintiff for merchandise sold to him on open account. Defendant was unable to pay and asked for an extension. Plaintiff agreed, and two notes were executed for maturities requested by Defendant, to coincide ten days after he expected to receive payments for plumbing work performed for others. When the notes were not paid, Plaintiff demanded payment, with warning to Defendant by Plaintiff’s manager that the notes would be turned over to an attorney for collection if payment were not made within three days. Thereafter, Plaintiff’s manager sought to contact Defendant by telephone on several occasions without avail; hence this suit was filed.
There is no question that the notes were given for an antecedent debt due on open account; and that Defendant knew full well what he was doing and why. Let us assume, arguendo, that Plaintiff agreed to an extension of 30 days after the maturity of the notes (which Plaintiff’s manager denied). The record shows that suit was filed on August 3, 1960, the testimony taken by deposition on January 11, 1961, and judgment rendered on March 21, 1961. Defendant at no time tendered the amount of principal and interest due, notwithstanding more than seven months had elapsed since suit was filed.
However, counsel for Plaintiff admitted in open court, and the testimony discloses, that a few days before the depositions were taken on January 11, 1961, Defendant paid $1,000.00 on account of the indebtedness, though no credit was given him in the judgment.
Defendant has not sustained the burden of proof that he was not expected to pay attorney’s fees provided for in the notes. The reason for executing the notes, his *809 knowledge of their content, his subsequent conduct, and the testimony of Plaintiff’s manager and collector, warrant our amending the judgment of the district court by first allowing a credit to Defendant for $1,000.00 paid after suit was filed; and allowing the 25% as attorney’s fees on the principal amount due, plus legal interest and costs.
For the reasons assigned, the judgment of the district court is amended, so that the judgment for Plaintiff and against Defendant is reduced to the sum of $2,243.68, plus 25% thereof as attorney’s fees, with legal interest thereon from judicial demand until paid; Defendant to pay all costs.
Amended and affirmed.